ACCEPTED
04-14-00612-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/20/2015 4:48:40 PM
KEITH HOTTLE
CLERK

## ORAL ARGUMENT CONDITIONALLY REQUESTED

### NO. 04-14-00612-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
01/20/2015 4:48:40 PM
KEITH E. HOTTLE
Clerk

### IN THE COURT OF APPEALS
### FOR THE FOURTH DISTRICT OF TEXAS
### AT SAN ANTONIO, TEXAS

**DAVID ALLAN EDWARDS,**
Appellant

v.

**SHERIFF OF COUNTY OF ATASCOSA,**
Appellee.

On Appeal from the 81st Judicial District Court,
Atascosa County, Texas
Cause No. 12-02-0185-CVA
The Honorable Thomas F. Lee Presiding

### BRIEF OF APPELLEE SHERIFF OF COUNTY OF ATASCOSA

Respectfully submitted,

**Lucinda A. Vickers**
lucinda.vickers@acao-tx.org
Texas Bar No. 16300800
**Dennis Arriaga**
dennis.arriaga@acao-tx.org
Texas Bar No. 24068021
**ATASCOSA COUNTY ATTORNEY'S OFFICE**
#1 Courthouse Circle Drive #3-B
Jourdanton, Texas 78026
TEL: 830-769-3573
FAX: 830-769-2757

**COUNSEL FOR APPELLEE**

NO. 04-14-00612-CV

## IN THE COURT OF APPEALS
## FOR THE FOURTH DISTRICT OF TEXAS
## AT SAN ANTONIO, TEXAS

**DAVID ALLAN EDWARDS,**
**Appellant,**

v.

**SHERIFF OF COUNTY OF ATASCOSA,**
**Appellee.**

On Appeal from the 81st Judicial District Court,
Atascosa County, Texas
Cause No. 12-02-0185-CVA
The Honorable Thomas F. Lee Presiding

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to rule 38.1(a) of the Texas Rules of Appellate Procedure, the following is a list of the names and addresses of all parties to the trial court's judgment or order appealed from and their counsel:

**Appellant:**                                    David Allen Edwards

**Counsel Pro Se**
**For Appellant:**                                David Allen Edwards #907246
                                                  Ellis Unit, 697 FM 980
                                                  Huntsville, Texas 77343

**Appellee:**                                     Sheriff of County of Atascosa

**Appellate Counsel**
**For Appellee:**                                 Lucinda A. Vickers
                                                  County Attorney
                                                  Dennis Arriaga

i

Assistant County Attorney
Atascosa County Attorney's Office
#1 Courthouse Circle Drive #3-B
Jourdanton, Texas 78026


**Trial Counsel**
**for Appellee:**

Lucinda A. Vickers
County Attorney
Dennis Arriaga
Assistant County Attorney
Atascosa County Attorney's Office
#1 Courthouse Circle Drive #3-B
Jourdanton, Texas 78026


**Defendant in**
**Trial Court:**

Gerald B. Phillips, M.D.

**Counsel for Defendant:**

Rosemary L. Hollan
Hollan Law Firm, P.C.
711 Navarro, Suite 250
San Antonio, Texas 78205


**Defendant in**
**Trial Court:**

District Attorney of Atascosa County

**Counsel for Defendant:**

Dannick Villasenor-Hernandez
Brandon E. Strey
Plunkett & Griesenbeck, Inc.
1635 N.E. Loop 410, Suite 900
San Antonio, Texas 78209

ii

## TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL ............................................................. i

TABLE OF CONTENTS ................................................................................... iii

INDEX OF AUTHORITIES ................................................................................. v

STATEMENT OF THE CASE ............................................................................. 2

STATEMENT REGARDING ORAL ARGUMENT ................................................ 3

ISSUES PRESENTED ...................................................................................... 3

STATEMENT OF FACTS .................................................................................. 3

      A.    Edwards's Complaint ..................................................................... 4

      B.    Edwards's Motion for No-Answer Default Judgment ....................... 5

      C.    Sheriff's Motion for Summary Judgment ........................................ 6

      D.    The Trial Court Hearing on The Motions ........................................ 8

      E.    Edwards's Post-Judgment Motions and Appeal ............................ 11

SUMMARY OF THE ARGUMENT ................................................................... 11

ARGUMENT AND AUTHORITIES ................................................................... 13

I.     Objections to Appellant's Brief ................................................................ 13

II.    Sheriff Answered Edwards's Suit ............................................................ 13

      A.    Trial Court Could Not Properly Render a No-Answer
            Default Judgment Against Sheriff ............................................... 13

      B.    Notice of Removal Did Not Defeat Sheriff's Answer ..................... 15

III.   Edwards Received Timely Notice of Hearing on Sheriff's MSJ ................. 18

IV.   Trial Court Correctly Granted Sheriff's MSJ Because Edwards's
      Claims Are Barred ................................................................................. 19

A.     Standard of Review ...................................................................................20

B.     Edwards's Suit is Barred by Four-Year Statute of Limitations ...........................21

       1.     Edwards's Suit Does Not Allege a Specific Cause of Action Against Sheriff ...........................................................................21

       2.     The Four-Year Residual Statute of Limitation Period Applies .................21

       3.     Edwards' Claims Are Barred ...............................................................22

       4     Neither the Discovery Rule Nor Fraudulent Concealment Can Save Edwards's Claims ...............................................................23

C.     Even if Edwards's Causes of Action Could Be Cast as a Section 1983 Claim, His Claims Are Barred ...................................................................26

CONCLUSION AND PRAYER ...................................................................................28

CERTIFICATE OF COMPLIANCE .............................................................................29

CERTIFICATE OF SERVICE ......................................................................................29

APPENDIX TO BRIEF OF APPELLEE .........................................................................30

# INDEX OF AUTHORIES

| Case | Page(s) |
|------|---------|

*Advent Trust Co. v. Hyder*,
12 S.W.3d 534 (Tex. App.—San Antonio 1999, pet. denied) ...................22

*AT&T Corp. v. Rylander*,
2 S.W.3d 546 (Tex. App.—Austin 1999, pet. denied) ...................24

*Baker v. McCollan*,
443 U.S. 137 (1979) ...................27

*Benefit Planners v. Rencare, Ltd.*,
81 S.W.3d 855 (Tex. App.—San Antonio 2002, pet. denied) ...................9

*BP Am. Prod. Co. v. Marshall*,
342 S.W.3d 59 (Tex. 2011) ...................23, 24

*Collins v. City of Harker Heights*,
112 S. Ct. 1061 (1992) ...................27

*Davis v. James A.W. & Houston Reporting Servs.*,
433 S.W.3d 101 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ...................15, 18

*Davis v. Jefferies*,
764 S.W.2d 559 (Tex. 1989) ...................15

*Doe v. Taylor Indep. Sch. Dist.*,
15 F.3d 443 (5th Cir. 1994) ...................27

*E.D. Sys. Corp. v. Southwestern Bell Tel. Co.*,
674 F.2d 453 (5th Cir. 1982) ...................16

*Hardin v. Straub*,
109 S. Ct. 1998 (1989) ...................27

*In the Interest of E.R.*,
385 S.W.3d 552 (Tex. 2012) ...................14

*Jackson v. Johnson*,
950 F.2d 263 (5th Cir. 1992) ...................27

*Jefferson v. Jones*,
74 Tex. 635 (Tex. 1889) ...................15

*KPMG Peat Maverick v. Harrison County Hous. Fin. Corp.,*
988 S.W.2d 749 (Tex. 1999).................................................22

*Kuykendall v. Beverly,*
436 S.W.3d 809 (Tex. App.—Texarkana 2014, no pet.) ...................19

*Lear Siegler, Inc. v. Perez,*
819 S.W.2d 470 (Tex. 1991) ...............................................20

*Lewis v. Blake,*
876 S.W.2d 314 (Tex. 1994) ...........................................18, 19

*Moreno v. Sterling Drug, Inc.,*
787 S.W.2d 348 (Tex. 1990) ...............................................22

*Morriss v. Enron Oil & Gas Co.,*
948 S.W.2d 858 (Tex. App.—San Antonio 1997, no pet.) .................21

*Murray v. O & A Express, Inc.,*
630 S.W.2d 633 (Tex. 1982) ...............................................21

*Owens v. Okure,*
488 U.S. 235 (1989) ......................................................27

*Quaestor Invs., Inc. v. Chiapas,*
997 S.W.2d 226 (Tex. 1999) ...............................................16

*Ross v. Nat'l Ctr. For the Empl. of the Disabled,*
197 S.W.3d 795 (Tex. 2006) ................................................9

*Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.,*
737 S.W.2d 55 (Tex. App.—San Antonio 1987, no writ) .................14

*Shah v. Moss,*
67 S.W.3d 836 (Tex. 2001) .............................................20, 24

*Spencer v. Seagoville,*
700 S.W.2d 953 (Tex. App.—Dallas 1985, no writ) .....................27

*Stoner v. Thompson,*
578 S.W.2d 679 (Tex. 1979) ...............................................21

*Texas Nat. Res. Conserv. Comm'n v. Sierra Club,*
70 S.W.3d 809 (Tex. 2002) ................................................14

*Toliver v. Dallas Fort Worth Hosp. Council,*

198 S.W.3d 444 (Tex. App.—Dallas 2006, no pet.) ...........................................................17

*Velsicol Chem. Corp. v. Winorgrad*,
 956 S.W.2d 529 (Tex. 1997) ........................................................................................25

*Werner v. Colwell*,
 909 S.W.2d 866 (Tex. 1995) ........................................................................................14

*Wilson v. Dunn*,
 197 S.W.3d 795 (Tex. 2006) ..........................................................................................9

*Wright v. Greenberg*,
 2 S.W.3d 666 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) .........................24, 25

**Statutes**                    **Page(s)**

28 U.S.C § 1446 ...............................................................................................................16

42 U.S.C § 1983 ...............................................................................................................26

Tex. Civ. Prac. & Rem. Code § 16.051 ............................................................................22

**Rules**                      **Page(s)**

Tex. R. App. P. 9.4 .......................................................................................................1, 29

Tex. R. App. P. 38 ...............................................................................................................1

Tex. R. App. P. 38.1 ............................................................................................................ i

Tex. R. App. P. 38.2 ..........................................................................................................31

Tex. R. App. P. 39.1 ............................................................................................................3

Tex. R. App. P. 39.7 ............................................................................................................3

Tex. R. Civ. P. 21a ............................................................................................................18

Tex. R. Civ. P. 94 ..............................................................................................................14

Tex. R. Civ. P. 99 .........................................................................................................14, 15

Tex. R. Civ. P. 106 ............................................................................................................14

Tex. R. Civ. P. 107 ............................................................................................................15

Tex. R. Civ. P. 109 ....................................................................................................................14

Tex. R. Civ. P. 109a ..................................................................................................................14

Tex. R. Civ. P. 124 ....................................................................................................................14

Tex. R. Civ. P. 166a ..................................................................................................................18

Tex. R. Civ. P. 237a ..................................................................................................................16

Tex. R. Civ. P. 239 ................................................................................................................14, 1

NO. 04-14-00612-CV

---

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS

---

**DAVID ALLAN EDWARDS,**
Appellant

v.

**SHERIFF OF COUNTY OF ATASCOSA,**
Appellee.

---

On Appeal from the 81st Judicial District Court,
Atascosa County, Texas
Cause No. 12-02-0185-CVA
The Honorable Thomas F. Lee Presiding

---

**BRIEF OF APPELLEE SHERIFF OF COUNTY OF ATASCOSA**

---

**TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:**

Appellee Sheriff of County of Atascosa ("Sheriff" or "Appellee"), submits this Brief of Appellee in accordance with rules 9.4 and 38 of the Texas Rules of Appellate Procedure and all local rules of this Court. In opposition to the appeal by David Allen Edwards ("Edwards" or "Appellant"), Appellee urges this Court to affirm the trial court's order granting Appellee's Motion for Summary Judgment and Motion to Sever.

1

## STATEMENT OF THE CASE

Appellant is a pro se inmate of the Texas Department of Criminal Justice. (T. Clerk R. 56, 61)[1]. Appellant initiated this suit on February 28, 2012, when Appellant filed suit against various government defendants in the 81st/218th Judicial District Court of Atascosa County. (T. Clerk R. 1-2). Appellant alleged that, while incarcerated at the Atascosa County Jail, he was improperly medicated at the direction of jail staff and administrators. (T. Clerk R. 3-7). Appellant alleged that the inadequate medical care proximately caused him harm. (T. Clerk R. 10). On January 7, 2014, Appellant filed a motion for no-answer default judgment against Appellee and the Atascosa County Commissioners' Court. (T. Clerk R. Vol. 2, 400). Appellee filed, on April 3, 2014, his Motion for Summary Judgment and Motion to Sever (hereinafter "MSJ"). (S. Clerk R. 888)*. Both, Appellant's and Appellee's motions were heard by the trial court on May 9, 2014. (Rep. R. 3-4).

On May 10, 2014, the trial court signed an order granting Appellee's motion for summary judgment and ordered that Appellant recover nothing from Appellee. (Clerk R. 1). The court also granted Appellee's motion for severance (Clerk R. 1) and, on June 13, 2014, an order was entered wherein the trial court denied Appellant's motion for default judgment. (Clerk R. 46). Appellant now appeals the order of the trial court granting Appellee summary judgment and severance. (Clerk R. 56).

---

[1] Appellee Sheriff will refer to the Clerk's Record filed with the Court on August 28, 2014, as (Clerk R. [page no.]), the Supplemental Clerk's Record filed with the Court on January 14, 2015, as (S. Clerk R. [page no.]), the Clerk's Record filed with the Court on June 28, 2013, and transferred from Court of Appeals No. 04-13-00725-CV to this cause on January 7, 2015, as (T. Clerk R. [page no.]), and the Clerk's Record, Volume 2 of 2, delivered to the Court on June 25, 2014, and transferred from Court of Appeals No. 04-13-00725-CV to this cause on January 7, 2015, as (T. Clerk R. Vol. 2, [page no.]).

## STATEMENT REGARDING ORAL ARGUMENT

Appellant David Allen Edwards did not request oral argument in his opening brief. Should the Court grant oral argument, and only then, Appellee Sheriff of County of Atascosa respectfully requests oral argument in this case. It is Appellee's belief that consideration of the issues presented would not be aided, specifically, by oral argument as such arguments can be adequately articulated within the appellate briefs. Tex. R. App. P. 39.1, 39.7.

## ISSUES PRESENTED

1. Did the trial court correctly deny Edwards's motion for no-answer default judgment, where Sheriff filed an answer on April 4, 2012, the same day the notice of removal was filed in state court, but prior to the filing of the notice of removal?

2. Did Edwards receive timely notice of the hearing on Sheriff's motion for summary judgment, where Sheriff mailed the hearing notice return receipt requested thirty-five days prior to the hearing and included a certificate of service?

3. Did the trial court correctly grant Sheriff's motion for summary judgment on the basis that Edwards's suit was barred by the four-year residual statute of limitations period provided for in Section 16.051, Civil Practice and Remedies Code, where the pleadings filed by Edwards did not precisely or concisely demonstrate the causes of action relied upon or asserted by Edwards against Sheriff?

## STATEMENT OF FACTS

Sheriff of County of Atascosa does not concur in Edwards's statement of facts[2] and submits the following:

---

[2] Sheriff construes Edwards's "History of the Case" as his Statement of the Case and Statement of Facts. (Appellant Br. 1-2).

3

## A.    Edwards's Complaint

Edwards, a pro se inmate incarcerated in the Texas Department of Criminal Justice, filed his "Plaintiffs Due Course of Law Complaint" on February 28, 2012, in the 81st/218th Judicial District Court of Atascosa County. (T. Clerk R. 1). Edwards named the District Attorney of Atascosa County, the "Judge over Court," the Sheriff, the County of Atascosa (T. Clerk R. 2), and, on April 5, 2012, through a motion to supplement, Dr. Phillips and the Atascosa County Commissioners' Court (hereinafter "Commissioners") as defendants in his suit. (T. Clerk R. 28).

Edwards alleged, in his complaint, "deprivations under Color of State Law of Civil Rights secured by the Due Course of Law in Conjunction with the Constitution of United States." (T. Clerk R. 1). Edwards declared that upon release from Willford Hall Medical Center, he was placed into the custody of the Atascosa County Jail. (T. Clerk R. 3). Edwards declared that during his incarceration at the Atascosa County Jail, and while he awaited trial, the Atascosa County Jail staff substituted his prescribed medications for various narcotics without a prior medical evaluation. (T. Clerk R. 3-4). Edwards alleged that he suffered anxiety, confusion, and behavioral problems as a result of the psychotropic medications administered to him. (T. Clerk R. 3).

Edwards stated that he was denied competent and professional medical services. (T. Clerk R. 4-5). He claimed that the various narcotics caused him to be heavily sedated during his criminal trial and he asserted that he was coerced into pleading guilty in his criminal trial. (T. Clerk R. 6). Edwards alleged that he was never medically diagnosed with a disorder, never medically evaluated, and that he never consented to the medications. (T. Clerk R. 9-10).

Edwards contended that the County of Atascosa exercised indifference with regard to his rights by, among other things, failing to oversee and train its court officers, failing to provide competent counsel, and failing to provide professional medical care. (T. Clerk R. 8). Edwards

4

claimed that the Judge of Said Court, Stella Saxon, was indifferent to his rights by, among other things, failing to appoint competent counsel, failing to provide a fair and impartial trial, and by allowing false testimony to be entered into evidence. (T. Clerk R. 8-9). Edwards further alleged that the District Attorney of Atascosa County, through Jackie Sparks, was indifferent to his rights by, among other things, using false testimony and fictitious extraneous acts against him during his criminal trial. (T. Clerk R. 9). Finally, Edwards stated that the Sheriff of County of Atascosa, Tommy Williams, was indifferent to his rights by denying him professional medical services and by illegally prescribing and sedating him with medications such as Valium, Ambien, and Effexor XR. (T. Clerk R. 9).

Edwards claimed that his criminal plea was performed under illegally forced sedation and that, as a whole, the named defendants conspired to deny him the Due Course of Law. (T. Clerk R. 10). Edwards asserted that the pattern of conduct caused him substantial and irreparable mental anguish. (T. Clerk R. 10).

Edwards prayed for a declaratory judgment declaring the defendants' acts violated his rights under the Texas Constitution and the laws of the United States, a permanent injunction ordering the defendants to admit the acts committed, an order directing the defendants to comply with the Constitution, compensation for the costs of suit, including reasonable attorney's fees and for all other proper relief. (T. Clerk R. 11).

B.    Edwards's Motion for No-Answer Default Judgment

On January 7, 2014, Edwards filed his motion entitled "Motion to Compel Judgment for No-Answer Default and/or Summary Default Judgment with Severances Pursuant to T.R.C.P. 41, 166a(c), 237, 237a, 239, 240, 268 For Defendant's County Court of Commissioners, Atascosa

County, Lon Gillespie, William Torans, Freddie Ogden, Weldon Cude, Atascosa County Sheriff, Tommy Williams."[3] (T. Clerk R. Vol. 2, 400).

In his motion, Edwards asserted that this suit was filed on February 28, 2012. (T. Clerk R. Vol. 2, 401). Edwards stated that on March 30, 2012, the District Attorney filed for removal to federal court. (T. Clerk R. Vol. 2, 401). Edwards claimed that the Sheriff filed an original answer on April 4, 2012. (T. Clerk R. Vol. 2, 401). Edwards further stated that on October 24, 2012, a remand order was signed by the federal court. (T. Clerk R. Vol. 2, 401). He asserted that he properly served all defendants with a copy of the reinstatement order. (T. Clerk R. Vol. 2, 401).

Edwards claimed that, after reinstatement, the first hearing held by the trial court was on April 17, 2013, in which neither Sheriff nor Commissioners made an appearance. (T. Clerk R. Vol. 2, 401). Edwards further claimed that a second hearing was held on September 26, 2013, and that neither defendant made an appearance at that hearing. (T. Clerk R. Vol. 2, 401).

Edwards argued, in his motion, that a no-answer default judgment was proper because the Sheriff did not file an appropriate and timely answer in response to this suit. (T. Clerk R. Vol. 2, 402-03). In support, Edwards argued that more than twenty days elapsed since the date the Sheriff and Commissioners were served with a copy of the reinstatement. (T. Clerk R. Vol. 2, 402-03). Furthermore, Edwards complained that neither Sheriff nor Commissioners addressed or answered the pleadings filed by him in this suit. (T. Clerk R. Vol. 2, 402-03).

Edwards asked the trial court to grant a no-answer default judgment against Sheriff and Commissioners, and prayed for the costs of suit, including reasonable attorney's fees, and all other relief. (T. Clerk R. Vol. 2, 403).

### C.    Sheriff's Motion for Summary Judgment

---

[3] For ease of reading, Sheriff will refer to this motion as Edwards's motion for default judgment.

On April 4, 2014, Sheriff filed with the clerk of the trial court his MSJ. (S. Clerk R. 4). On April 3, 2014, Edwards was served by certified mail, return receipt requested, with Sheriff's MSJ. (S. Clerk R. 10).

In his motion, Sheriff acknowledged that while Edwards awaited criminal prosecution, Edwards was in the custody of the Atascosa County Jail. (S. Clerk R. 4-5, 13-15). Sheriff stated that, after various transfers in and out of the Atascosa County Jail, Edwards was finally transferred on November 6, 2000, to the Texas Department of Criminal Justice. (S. Clerk R. 7,11). As support, Sheriff attached the affidavit of Captain Martin Gonzales, the jail administrator and custodian of records, attesting to Edwards's custody in the Atascosa County Jail. (S. Clerk R. 11). Captain Gonzales attested that the last date of incarceration of Edwards, in the Atascosa County Jail, was November 6, 2000. (S. Clerk R. 11).

Sheriff complained that Edwards's claims against the Sheriff were unclear and that the pleadings failed to state a specific cause of action. (S. Clerk R. 5). Because no specific statute was cited for any wrongdoing or injury suffered by Edwards, Sheriff argued that the accrual date for any supposed injury or wrongdoing was inescapably restricted to a date Edwards was incarcerated in the Atascosa County Jail. (S. Clerk R. 7). Thus, Sheriff argued, Edwards's cause of action began to accrue on November 6, 2000, at the latest. (S. Clerk R. 7).

Sheriff claimed that without any specific cause of action asserted by Edwards, the four-year residual statute of limitation period, by default, applied. (S. Clerk R. 7-8). Sheriff contended that the four-year statute of limitations barred Edwards' suit, filed on February 28, 2012, because more than four years elapsed between the accrual of any potential cause of action, being no later than November 6, 2000, and the date suit was filed. (S. Clerk R. 8).

7

Sheriff recognized that the discovery rule, an exception to the general rule for the accrual of a cause of action, could toll the statute of limitation period, if applied. (S. Clerk R. 7). But Sheriff argued that Edwards was aware of any wrongdoing or injury when the act occurred and that Edwards failed to plead the discovery rule or any other defensive theory that tolled the statute of limitations for the events that formed the basis of this suit. (S. Clerk R. 7-8).

Sheriff argued that, as a matter of law, he was entitled to summary judgment, because Edwards's lawsuit was barred by the four-year residual statute of limitation period. (S. Clerk R. 8-9). Sheriff prayed for the court to grant the motion for summary judgment, as a matter of law, and that the trial court sever judgment in favor of Sheriff from the remaining suit. (S. Clerk R. 9).

### D. The Trial Court Hearing on the Motions

On May 9, 2014, the trial court held a hearing to consider Edwards' motion for no-answer default judgment and Sheriff's MSJ. (Rep. R. 1). Edwards appeared in person. (Rep. R. 3).

The court first considered arguments regarding Edwards' request for a no-answer default judgment. (Rep. R. 4). Edwards argued that removal to federal court was filed on March 30, 2012. (Rep. R. 6). Edwards stated that the reinstatement was served on the Sheriff on October 25, 2012. (Rep. R. 6). Edwards claimed that since October 25, 2012, the Sheriff has failed to file an answer. (Rep. R. 6). Edwards argued that he filed a certified copy of the order remanding the case and that he gave written notice of the filing to all defendants. (Rep. R. 6). Edwards further argued that an answer was required to be filed by Sheriff within fifteen days from the date he received such notice. (Rep. R. 17-18).

The trial court then considered the second part of Edwards' motion for summary judgment. (Rep. R. 8). Edwards asked the trial court to render judgment in his favor, because Sheriff failed

to respond to his discovery requests. (Rep. R. 8). Edwards suggested that anything less than a complete answer to his discovery requests amounted to a failure to answer. (Rep. R. 8).

In response to the no-answer default judgment request, Sheriff argued that an answer was filed on behalf of the Sheriff, as the only county entity properly served with citation.[4] (Rep. R. 9). Sheriff urged that the answer filed on April 4, 2012, constituted a sufficient answer and that Sheriff was not required to file an additional answer when the case was remanded to state court. (Rep. R. 10).

Additionally, Sheriff argued that he appeared by telephone at past hearings held during the suit, but that he did not present any arguments, because the purposes of those hearings did not directly involve him. (Rep. R. 10).

In addressing the discovery issue, Sheriff stated that a response or objection was, in fact, filed for the discovery requests filed by Edwards and directed to Sheriff. (Rep. R. 10).

The court lastly considered Sheriff's motion for summary judgment. (Rep. R. 28). Sheriff adopted the arguments articulated by counsel for District Attorney of Atascosa County. (Rep. R. 28). The argument rested on the premise that Edwards was last incarcerated at the Atascosa County Jail in 2000. (Rep. R. 28-9). Sheriff argued that the four-year statute of limitations barred Edwards's suit, because Edwards' claims were brought beyond the four-year limitation period.

---

[4] Solely for the purposes of clarity, and without the intent to be construed, in any manner, as an appearance on behalf of Atascosa County Commissioners' Court, Appellee notes that the Atascosa County Commissioners' Court was not served with process in this suit. Absent service of process, an answer or an appearance by the Commissioners, the trial court did not have jurisdiction over the defendant. *Benefit Planners v. Rencare, Ltd.*, 81 S.W.3d 855, 858 (Tex. App.—San Antonio 2002, pet. denied) (holding that because the trial court did not acquire *in personam* jurisdiction, the trial court's judgment was void). A defendant's actual notice of the pending litigation is insufficient and does not constitute proper service. *Ross v. Nat'l Ctr. for the Empl. of the Disabled*, 197 S.W.3d 795, 796-98 (Tex. 2006) (holding that without proper service of process, a party has no duty to act, participate in court proceedings, or comply with any judgment rendered); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

(Rep. R. 28-9).  Edwards's suit was filed in 2012, more than four years after the accrual of any justiciable cause of action.  (Rep. R. 28-9).  Sheriff complained that the causes of action asserted by Edwards against the Sheriff were indiscernible and, thus, use of the four-year residual statute of limitations was appropriate for this case.  (Rep. R 28).  Sheriff alleged that Edwards failed to plead the discovery rule or any other rule that would toll the accrual of the statute of limitations in any pleading filed by Edwards.  (Rep. R. 28).

Edwards, in response, objected to Sheriff's MSJ, on the basis that he did not receive timely notice.  (Rep. R. 30).  Edwards claimed that he received notice of the MSJ hearing on April 23, 2014, which was less than twenty-one days prior to the hearing date.  (Rep. R. 30).

Sheriff argued that notice of the motion for summary judgment was properly served on Edwards, because it was mailed to Edwards on April 3, 2014, and received by the Ellis Unit in Huntsville, on April 9, 2014.  (Rep. R. 30-31).  The trial court judge took note of and referenced the certificate of service verifying service on April 3, 2014.  (Rep. R. 30-31).  Sheriff stated that notice of the hearing was mailed to the Ellis Unit as the last known address for Edwards at the time.  (Rep. R. 32-33).

The court overruled Edwards's objection.  (Rep. R. 32).  Edwards then argued that Sheriff was responsible for the employees who gave perjured testimony during his criminal trial.  (Rep. R 34).  Edwards argued that the fraudulent concealment doctrine was applicable in this case and that the doctrine prevented the four-year statute of limitation period from barring his suit.  (Rep. R. 34).

The trial court overruled Edwards's motion for default judgment.  (Rep. R. 35).  Meanwhile, the court granted the motion for summary judgment filed by Sheriff.  (Rep. R. 35).  On May 10, 2014, the court signed an order granting Sheriff's motion for summary judgment and

motion to sever. (Clerk R. 1). In the order, the court held that Edwards was to recover nothing from the Sheriff by way of this suit. (Clerk R. 1).

### E.    Edwards's Post-Judgment Motions and Appeal

On June 4, 2014, Edwards filed a motion for new trial, arguing that he was not properly served with notice of the hearing for the motion for summary judgment and that the Sheriff failed to file an answer in the federal court, while the case was removed, or in the state court, after remand. (Clerk R. 3). The Sheriff did not respond to Edwards's motion for new trial.

On May 22, 2014, Edwards filed a request for findings of fact and conclusions of law. (T. Clerk R. Vol. 2, 637). On June 19, 2014, Edwards filed a notice of past due findings of fact and conclusions of law (Clerk R. 47), and on July 10, 2014, he filed his third notice of past due findings of fact and conclusions of law. (Clerk R. 51). The trial court did not enter findings of fact or conclusions of law.

Edwards filed his notice of appeal on August 28, 2014 (Clerk R. 56), and his brief followed on November 17, 2014. The Sheriff now responds.

## SUMMARY OF THE ARGUMENT

This Court should affirm the trial court's order granting Appellee's motion for summary judgment and granting severance.

The trial court judge correctly determined that Appellant was not entitled to a default judgment against Appellee on the basis that Appellee failed to answer this suit. Appellee filed an answer on April 4, 2012. (S. Clerk R. 24). The answer filed by Appellee in state court was a sufficient answer in the case. Prior to April 4, 2012, the trial court had not entered a default judgment against Appellee, and, after such date, the trial court was barred from entering a no-answer default judgment against Appellee. The notice of removal had no effect upon the answer

11

filed by Appellee, and Appellee was not required to file a subsequent answer after removal or remand.

The trial court correctly found and Appellee conclusively established that Appellant received timely notice of the hearing on Appellee's motion for summary judgment. Notice of the hearing was mailed by Appellee to the Ellis Unit in Huntsville as the last known address for Appellant. Appellee mailed Appellant notice of the hearing on April 3, 2014, and an Amanda Beltran, at the Ellis Unit, signed for delivery of the notice on April 9, 2014. The notice was mailed thirty-five days prior to the hearing date and received by the Ellis Unit twenty-nine days prior to the hearing date. Appellee attached a certificate of service to the Notice of Hearing reflecting that Appellant was served on April 3, 2014, which constitutes prima facie evidence of proper service. Appellant did not provide any evidence reflecting a date of service other than April 3, 2014 or April 9, 2014. Therefore, Appellant had timely notice of the hearing on the Sheriff's summary judgment motion.

The summary judgment evidence conclusively established that the last contact between Appellant and the Appellee occurred on November 6, 2000, when Appellant was last incarcerated in the Atascosa County Jail. Appellant's claims against Appellee are general in nature and superficially suggest that Appellee violated Appellant's due process rights through participation in a conspiracy that provided Appellant improper medical services. Consequently, because no specific cause of action was asserted by Appellant, his claims were subject to the four-year residual limitations period. Nearly twelve years elapsed before Appellant filed suit against Appellee. Appellant presented no evidence during the hearing to raise a fact issue to defeat the statute of limitations. The trial court correctly ruled that Appellant's claims were barred by the four-year

12

residual statute of limitations period found in section 16.051, Texas Civil Practice and Remedies Code. Therefore, Appellee was entitled to summary judgment.

This Court should affirm the trial court's order granting Appellee's motion for summary judgment and severance.

## ARGUMENT AND AUTHORITIES

### I. Objections to Appellant's Brief

Prior to presenting the arguments and authorities provided by Appellee, Appellee objects to the arguments and exhibits provided by Appellant to this Court that were never admitted into evidence or argued during the summary judgment hearing held on May 9, 2014. Many of the "facts" or "issues" that Appellant declares are outside of the record of this case. For example, Appellant's second Exhibit C consists of declarations by Chelsea Marie Edwards Ogden, Roger Edwards, and Susan Edwards, an internet printout about the Fourth Administrative Judicial Region and two internet article printouts discussing the trial court judge. (Appellant Br. Ex. C). Exhibit E to Appellant's brief consists of three half-page leaflets containing handwritten notes by Appellant, and an unknown individual. (Appellant Br. Ex. E). Exhibit G to Appellant's brief is a Supplemental Notice of Intent to Use Extraneous Acts that was filed for use in Appellant's criminal trial. (Appellant Br. Ex. G). These exhibits, and the "facts" or arguments made within them, were never admitted as summary judgment evidence and are improperly before this Court.

### II. Sheriff Answered Edwards's Suit

#### A. Trial Court Could Not Properly Render a No-Answer Default Judgment Against Sheriff

In the first section to his Point of Error Number Four, Appellant states that Appellee never filed a proper answer to this suit in federal or state court. (Appellant Br. 8). Appellant argues that, because Appellee did not file an answer in this suit, Appellee had no right to file his MSJ.

13

(Appellant Br. 8). Appellant insinuates that, in failing to file an answer, Appellee legally admitted to the pleadings filed by Appellant. (Appellant Br. 8).

The process by which a plaintiff gives a defendant notice that it has been sued is referred to as "service of citation." *Texas Nat. Res. Conserv. Comm'n v. Sierra Club*, 70 S.W.3d 809, 813 (Tex. 2002). When a copy of the citation and a copy of the petition are served to the defendant, "service of process" is accomplished. *See* Tex. R. Civ. P. 99.

Process may be served by United States certified mail, return receipt requested, by personal delivery to the defendant, or by some method of substituted service authorized by a court order. *See* Tex. R. Civ. P. 106, 109, 109a; *see also In the Interest of E.R.*, 385 S.W.3d 552, 558-61 (Tex. 2012) (discussing service of citation by publication). The record must demonstrate strict compliance with the type of service used and a default judgment may not be taken against a defendant unless the defendant was served with process, accepted process, or waived service of process, and, thereafter, failed to file an answer or make an appearance in the proceedings. Tex. R. Civ. P. 124, 239; *Werner v. Colwell*, 909 S.W.2d 866, 869-870 (Tex. 1995). The law detests default judgments. *Santex Roofing & Sheet Metal v. Venture Steel, Inc.*, 737 S.W.2d 55, 56-57 (Tex. App.—San Antonio 1987, no writ) (discussing the reluctance of Texas courts to enter a default judgment when certain forms of written pleadings have been filed by a defendant).

After service of process, a defendant's answer must generally be filed by 10:00 a.m. on the first Monday following the expiration of twenty days from the date of service. Tex. R. Civ. P. 99(b). An answer should contain a general denial denying the allegations in the plaintiff's petition, and, if a defendant wishes to rely upon an affirmative defense, should specifically plead the affirmative defenses he expects to rely upon. Tex. R. Civ. P. 94. An affirmative defense is an independent reason why the plaintiff is not entitled to the relief requested. *Id.* If the defendant has

14

not filed an answer by the time required to do so, the plaintiff may take a judgment by default against the defendant, as long as the return of service has been on file with the clerk for at least ten days. Tex. R. Civ. P. 107, 239. Nonetheless, a defendant has a right to file an answer at any time before a judgment by default has been entered by the court. *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989); *Jefferson v. Jones*, 74 Tex. 635, 636 (Tex. 1889). Upon answer by a defendant, the court can no longer enter a judgment by no-answer default. *Davis v. James A.W. & Houston Reporting Servs.*, 433 S.W.3d 101, 108-09 (Tex. App.—Houston [1st Dist] 2014, pet. denied) (quoting *Jefferson v. Jones*, 74 Tex. 635, 12 S.W. 749, 749 (Tex. 1889)).

Appellee was served with citation on March 5, 2012, by mail. Pursuant to Texas Rule of Civil Procedure 99(b), Appellee's answer was due by March 26, 2012. Tex. R. Civ. P. 99(b). Appellee, in fact, filed his answer on April 4, 2012, nine days after the required time to do so. (T. Clerk R. 24). In his answer, Appellee plead the affirmative defense that Appellant's suit was barred by the expiration of the statute of limitation period. (T. Clerk R. 24).

Notwithstanding, the trial court had not announced a judgment by no-answer default in favor of Appellant and against Appellee prior to April 4, 2012. Appellee filed his answer to this suit on April 4, 2012, which was, although nine days after the required time to do so, timely and appropriate in the sense that it was filed prior to the entry of a default judgment. Appellant's argument that the trial court judge incorrectly denied his motion for no-answer default judgment fails, because the filed answer prohibited the trial court from granting a no-answer default judgment against Appellee. *Davis*, 433 S.W.3d at 108-09.

**B.     Notice of Removal Did Not Defeat Sheriff's Answer**

In the first section of his Point of Error Number Four, Appellant argues that Appellee did not file an answer to this suit. (Appellant Br. 7-8). Appellant acknowledges that Appellee filed

an answer on April 4, 2012 (Clerk R. 58), but asserts that such an answer was insufficient, because the answer was not filed in federal court after removal or in state court after remand. (Appellant Br. 7-8).

The procedure for removal of a cause of action to federal court is found at 28 U.S.C. § 1446. After filing a notice of removal in the federal court, the defendant seeking removal must file a copy of the notice of removal in the state court. 28 U.S.C. § 1446(d). The filing of the notice of removal in the state court effects the removal and the state court cannot proceed any further in the case unless the case is remanded. *Id.* All action in state court is stayed while the case remains removed, and the state court has no power to act. *E.D. Sys. Corp. v. Southwestern Bell Tel. Co.,* 674 F.2d 453, 458 (5th Cir. 1982).

Upon remand, a remand order is executed and a certified copy of the order is sent to the state court. *Quaestor Invs., Inc., v. Chiapas,* 997 S.W.2d 226, 228 (Tex. 1999). Remanding a case to state court terminates the jurisdiction of the federal court. *Id.* When the federal court mails a certified copy of the remand order to the state court, jurisdiction re-vests in the state court. *Id.* at 229. The state court may then proceed with the case. *Id.* at 228.

Rule 237a of the Texas Rules of Civil Procedure imposes a deadline for filing an answer if an answer was not filed in state court prior to removal or in federal court after removal. The rule provides:

> All such adverse parties shall have fifteen days from the receipt of such notice within which to file an answer. No default judgment shall be rendered against a party in a removed action remanded from federal court if that party filed an answer in federal court during removal.

Tex. R. Civ. P. 237a. Rule 237a does not establish a deadline to answer, in the sense that an answer not filed by the deadline is waived, but provides a time certain after which the plaintiff may move

for default judgment if no answer is filed. *Toliver v. Dallas Fort Worth Hosp. Council*, 198 S.W.3d 444, 449 (Tex. App.—Dallas 2006, no pet.).

Here, notice of removal to the United States District Court, Western District of Texas, San Antonio Division was filed with the clerk of the trial court on April 4, 2012. (T. Clerk R. 19). Appellee's answer was filed in the trial court on the same day. (T. Clerk R. 24). On October 10, 2012, a remand order was signed and the case was remanded to the District Court of Atascosa County. (S. Clerk R. 30-32). Appellant filed notice of the remand order in the state court on October 24, 2014. (T. Clerk R. 309).

Appellee's answer was properly filed. By simple coincidence, the two documents were filed on the same date, but that in no way defeats the purpose or intent of the answer. The file stamp on Appellee's answer reflects that it was filed at 3:09 p.m. (T. Clerk R. 24). The notice of removal was file stamped at 4:46 p.m. on the same day. (T. Clerk R. 19). The notice of removal had no consequence upon the answer filed by Appellee. When Appellee filed his answer, the state district court had unfettered jurisdiction of the cause. It was not until 4:46 p.m., on April 4, 2012, that the state district court's jurisdiction was interrupted by the filing of the notice of removal. Being that Appellee's answer was filed approximately one and a half hours prior to the federal court acquiring jurisdiction, Appellee's answer was properly filed.

No additional answer was required to be filed, either in federal or state court, by Appellee. The April 4, 2012, answer filed by Appellee constituted a live pleading and remained in effect upon the filing for removal to federal court, while the case was removed to federal court, and after remand to state court. The pleading by Appellee was neither waived nor withdrawn by Appellee.

Upon remand to state court, the answer re-emerged as a live pleading when the state court reacquired jurisdiction of the case. With an answer on file in the state court, the trial court could no longer enter a judgment by no-answer default against Appellee. *Davis*, 433 S.W.3d at 108-09.

The Appellee conclusively established that he filed a timely answer to this suit. Because a secondary answer was not required to be filed in federal court after removal, or in state court, after remand, the trial court correctly denied Appellant's motion for no-answer default judgment.

This Court should affirm the trial court's order granting Appellee's motion for summary judgment.

## III. Edwards Received Timely Notice of Hearing on Sheriff's MSJ

In his Point of Error Number Two and Point of Error Number Five, Appellant contends that he did not receive timely notice of the scheduled hearing of the Appellee's summary judgment motion. (Appellant Br. 4, 12). Appellant asserts that he received notice of the hearing on April 23, 2014. (Appellant Br. 4, 12). Appellant complains that, based on the lack of notice, he properly moved for a continuance, which the court improperly denied. (Appellant Br. 4).

Texas Rule of Civil Procedure 166a provides that a non-movant is entitled to a minimum of twenty-one days' notice of the date set for a summary judgment hearing. Tex. R. Civ. P. 166a. However, when a motion and notice of a hearing are served by mail, three days are added, and, they must be mailed at least twenty-four days before date of the hearing. Tex. R. Civ. P. 21a; *see also Lewis v. Blake*, 876 S.W.2d 314, 316 (Tex. 1994). Service by mail is accomplished when the properly addressed document is deposited in the mail. Tex. R. Civ. P. 21a. With certain limitations, every notice required by the rules of civil procedure may be served by certified or registered mail to the party's last known address. *Id.* A written certificate of service by a party constitutes prima facie evidence of proper service. *Id.* Absent proof of nonreceipt, the

18

presumption has the force of a rule of law. *Kuykendall v. Beverly*, 436 S.W.3d 809, 813 (Tex. App.—Texarkana 2014, no pet.).

Appellant did receive timely notice of the hearing on Appellee's motion for summary judgment. The MSJ filed by Appellee included a Notice of Hearing setting the hearing date for May 9, 2014. (S. Clerk R. 10). The summary judgment motion further contained a certificate of service stating that the motion was mailed to Appellant at the Ellis Unit in Huntsville, his last known address at the time, by certified mail, return receipt requested, on April 3, 2014. (Rep. R. 30-31; S. Clerk R. 10). This certificate of service constitutes prima facie evidence of service. *Kuykendall*, 436 S.W.3d at 813.

The green domestic return receipt was signed for by Amanda Beltran on April 9, 2014. (Rep. R. 31). The summary judgment hearing was held on May 9, 2014. (Rep. R. 1). Excluding the day of mailing and the date of the hearing, Appellee's MSJ was heard thirty-five days after the mailing of the notice of the hearing and twenty-nine days after receipt of the correspondence. No fewer than twenty-four days intervened between the date the notice was mailed and the date the hearing was conducted. *Lewis*, 876 S.W.2d at 316.

The Notice of Hearing provided Appellant ample and adequate notice of the setting of Appellee's motion for summary judgment. Appellant does not deny that he received the notice of the hearing and he has offered no evidence rebutting the certificate of service, other than his assertions that he did not receive the notice of the setting. The trial court correctly granted Appellee's motion for summary judgment and this Court should affirm.

## IV. Trial Court Correctly Granted Sheriff's MSJ Because Edwards's Claims Are Barred

In the second section to his Point of Error Number Four, Appellant asserts that Appellee enlisted two employees to perjure themselves during Appellant's criminal trial through submission

of a false extraneous offense report. (Appellant Br. 10). Appellant argues that the false extraneous offense report violated his due process and civil rights. (Appellant Br. 10). He contends that the act of submitting the false offense report was part of a conspiracy to incite the jury and cause the jury to assess a harsher punishment. (Appellant Br. 10).

The trial court correctly granted Appellee summary judgment, because Appellee conclusively established that Appellant's claims were barred by the residual four-year limitations period. The summary judgment evidence attached to Appellee's MSJ conclusively established that any potential cause of action against Appellee necessarily accrued on or before November of 2000, when Appellant was last incarcerated in the Atascosa County Jail. (S. Clerk R. 11-15). Appellant does not assert any further contact between Appellant and Appellee beyond November 6, 2000, that could form the basis of the allegations proclaimed in this suit.

While Appellant does not clearly and concisely state a cause of action, his purported allegations involve a conspiracy to deny him proper medical treatment that occurred approximately twelve years prior to the filing of this suit. (T. Clerk R. 3-9). Because the claims asserted by Appellant exceed the four-year statute of limitations period, the claims are barred.

A.      Standard of Review

The standard for reviewing a summary judgment is whether the moving party carried its burden to show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). A defendant moving for summary judgment on an affirmative defense, such as a statute of limitation defense, must prove each element of the affirmative defense. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). In reviewing a trial court's summary judgment, the appellate court resolves all doubts against the movant and reviews the evidence in the manner most favorable to the non-movant. *Id.*

20

**B. Edwards's Suit Is Barred by Four-Year Statute of Limitations**

      **1. Edwards's Suit Does Not Allege a Specific Cause of Action Against Sheriff**

The plaintiff's petition defines the issues for trial. *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex. 1982). The petition should provide sufficient facts as to provide fair notice of the allegations asserted against the defendant. *Id.* A plaintiff relying upon a statutory violation should state that fact in the pleadings, if he is to recover on that basis, and identify the statute relied upon. *Id.* For a cause of action to be properly pleaded, sufficient facts must be provided, which permit the trial court to determine with reasonable certainty the elements of the cause of action and the relief sought. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979).

In his initial Due Course of Law Complaint, Appellant asserted that Appellee, by and through the Atascosa County Jail administration, coerced Appellant into entering a plea of guilty, provided him ineffective counsel, and supplied him with improper medical care that caused him to be sedated for his criminal trial. (T. Clerk R. 1, 6).

Appellant does not allege Appellee violated any specific statute nor does Appellant cite to any specific statute or specific cause of action as a basis for his claim. (T. Clerk R. 3-9). Appellant's purported causes of action are couched in vague and general terms and are structured in a convoluted manner, making it problematic to discern.

      **2. The Four-Year Residual Statute of Limitation Period Applies**

"The statute of limitations is an affirmative defense." *Morriss v. Enron Oil & Gas Co.*, 948 S.W.2d 858, 867-68 (Tex. App.—San Antonio 1997, no pet.). Its purpose is to compel plaintiffs to assert claims within a reasonable period of time after injury, while the evidence remains fresh in the minds of the parties and their witnesses. *Id.* at 868.

21

The burden of proving the affirmative defense lies solely on the defendant asserting the defense. *Id.* The defendant must specifically plead and prove the defense. *Id.*

In Texas, if no express limitation period for a cause of action is provided, the limitation period is four years. Tex. Civ. P. & Rem. Code § 16.051. Without reference to a specific statute or cause of action, Appellant's allegations would properly fall under the residual limitations period of section 16.051 for limitations purposes. *Id.*

Appellant does not deny that the four-year residual limitation period applies to his suit, but argues that fraudulent concealment tolled the accrual of his cause of action. (Rep. R. 25-29; Appellant Br. 9-11). Appellant failed to argue that the four-year residual statute of limitation period was not applicable in this suit, and thus waived such an argument.

### 3. Edwards's Claims Are Barred

A defendant seeking summary judgment upon the defense of statute of limitations must demonstrate when the action accrued. *KPMG Peat Maverick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When a cause of action accrued is a question of law for the court to decide. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). Generally, a cause of action begins to accrue on the date a wrongful act causes a legal injury, regardless of when the plaintiff learned of the injury. *Id.*; *see also Advent Trust Co. v. Hyder*, 12 S.W.3d 534, 538 (Tex. App.—San Antonio 1999, pet. denied).

Appellant's suit involves allegations arising from incidents occurring during his incarceration in the Atascosa County Jail. (Appellant Br. 10). Appellant was placed into the custody of the Atascosa County Jail while he awaited trial on criminal charges, and after he was released from a hospital for injuries he suffered during the commission of a criminal offense. Appellant was transferred on multiple occasions before a final transfer to the Texas Department of

Criminal Justice. (S. Clerk R. 11-15). As indicated by the affidavit of Captain Gonzales made part of Appellee's MSJ, the ultimate date of incarceration for Appellant in the Atascosa County Jail was November 6, 2000. (S. Clerk R. 11-15). Appellant does not dispute the facts contained within the affidavit.

Appellee nor his administration had any additional dealings with Appellant after Appellant was transferred to the Texas Department of Criminal Justice on November 6, 2000. (S. Clerk R. 11-15). Nor does Appellant allege any further contact between Appellee and Appellant after such a date. Appellant's alleged injuries were, accordingly, committed on or before November 6, 2000.

Appellee definitively established that Appellant's alleged causes of action necessarily accrued on or before November 6, 2000, during his incarceration in the Atascosa County Jail. Because Appellant filed suit on February 28, 2012, approximately twelve years after his last incarceration in the Atascosa County Jail, approximately twelve years after Appellant's last contact with Appellee or his administration, approximately twelve years after the alleged mistreatment that Appellant contends caused him harm, and approximately twelve years after the accrual of any cause of action forming the basis of this suit, Appellee conclusively established his right to summary judgment based on the four-year residual limitation period.

### 4. Neither the Discovery Rule Nor Fraudulent Concealment Can Save Edwards's Claims

There are two exceptions to the general accrual rule for the statute of limitations defense. First, the accrual of a cause of action will be tolled when the nature of the injury is inherently undiscoverable and the evidence of the injury is objectively verifiable. *Wagner & Brown v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). This is known as the discovery rule. *Id.* Secondly, the accrual of a cause of action will be tolled in cases where a defendant fraudulently conceals the injury. *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011). If either doctrine applies,

the cause of action accrues on the date that the plaintiff realized the injury or should have realized the injury through the exercise of reasonable diligence. *Id.*

The doctrine of fraudulent concealment is an equitable affirmative defense to a plea that the statute of limitations bars a suit. *AT&T Corp. v. Rylander*, 2 S.W.3d 546, 557 (Tex. App.—Austin 1999, pet. denied). A party relying upon the doctrine of fraudulent concealment must raise it in response to a motion for summary judgment and bears the burden to prove each element of the doctrine to raise a genuine issue of material fact. *Wright v. Greenberg*, 2 S.W.3d 666, 677 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). To raise the doctrine of fraudulent concealment, the plaintiff must prove that the defendant had actual knowledge of the wrong, that the defendant had a fixed purpose to conceal the wrong and that the defendant, in fact, did conceal the wrong from the plaintiff. *Shah*, 67 S.W.3d at 841. Unlike the discovery rule, application of the fraudulent concealment doctrine is fact-specific. *BP Am. Prod. Co.*, 342 S.W.3d at 67.

In the second section of his Point of Error Number Four, Appellant states that fraudulent concealment applies in this case, because Appellee either failed to disclose wrongful conduct or lied about wrongful conduct. (Appellant Br. 9-10). Appellant charges that two employees of Appellee gave perjured testimony in an extraneous offense report that was submitted to the jury at his criminal trial. (Appellant Br. 10-11). Appellant states that "[u]ntil this document is corrected to reflect the true facts there is a continuing harm on going. Defendant Sheriff has no defense of statute of limitations as long as this extraneous offense report remains fraudulent." (Appellant Br. 11).

However, Appellant failed to plead the discovery rule or the doctrine of fraudulent concealment in any of his pleadings in this suit. At the hearing on Appellee's MSJ, Appellant did

24

raise the doctrine of fraudulent concealment (Rep. R. 27), but because Appellant failed to plead the doctrine, he waived the defense. *Wright*, 2 S.W.3d at 677.

Should this Court find that Appellant properly raised and plead the doctrine of fraudulent concealment, which Appellee does not concede, Appellee asserts that Appellant failed to prove the doctrine at the MSJ hearing.

The doctrine of fraudulent concealment was not proved by Appellant. Appellant failed to demonstrate or provide any evidence to prove that Appellee had actual knowledge of any wrongdoing, that Appellee had a fixed purpose to conceal any such wrong, or that Appellee, in fact, did conceal any wrong from Appellant. Appellant failed to prove that Appellee made an affirmative misrepresentation in any document, or otherwise.

Appellant had personal knowledge of the criminal trial and personal knowledge of the events involving him that transpired during his incarceration in the Atascosa County Jail, because those acts personally involved Appellant. Hence, Appellant would have been aware of any alleged wrongdoing or injury as the legal injuries alleged by Appellant were perpetrated upon him while he was incarcerated in the Atascosa County jail and they personally involved Appellant. (T. Clerk R. 3-7).

Appellant does not dispute his knowledge of the alleged misconduct that forms the basis of this suit. In his complaint, Appellant confirms that he was aware of the declared misconduct. Appellant states that he took action in response to the alleged improper medical services by advising his court appointed criminal attorney of the conduct, complaining, almost daily, of the treatment to MHMR, and requesting relief. (T. Clerk R. 4); *see Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 531 (Tex. 1997) (holding that the fraudulent concealment doctrine did not apply where legal injuries were identifiable).

Appellant has offered no evidence to prove fraudulent concealment, other than his self-serving and conclusory assertions that the deputies committed perjury and that fraudulent concealment applies in this case to toll the statute of limitations. The doctrine of fraudulent concealment does not apply to save Appellant's claims from the residual statute of limitations.

Appellant's alleged causes of action accrued on or before November 6, 2000. Appellant filed suit against Appellee approximately twelve years after the date of Appellant's last contact with the Atascosa County Jail administration. He failed to provide any evidence establishing fraudulent concealment. Appellant was aware of the alleged conduct, that he contends caused him harm, at the time it occurred. Because that conduct occurred in 2000, and not later, Appellee conclusively demonstrated that Appellant's claims are time-barred under the residual four-year limitations period. The trial court correctly granted Appellee's motion for summary judgment. This Court should affirm.

### C. Even if Edwards's Causes of Action Could Be Cast as a Section 1983 Claim, His Claims Are Barred

While Appellant does not assert a violation of any specific statute or concisely detail a cause of action, in his complaint, Appellant generally alleges violations of his rights under the Constitutions of the United States and Texas. (T. Clerk R. 1-2, 10). In the second section to his Point of Error Number Four, Appellant alleges that a fraudulent extraneous offense report was admitted into evidence during his criminal trial in violation of his due process and civil rights. (Appellant Br. 10-11). Finally, during the summary judgment hearing, Appellant appeared to argue that part of the injury suffered by him and forming the basis of this suit were due process violations resulting from a denial of his writ of habeas corpus. (Rep. R. 23-26).

Claims based solely upon alleged violations of constitutional rights and due process rights are properly brought under section 1983. 42 U.S.C. § 1983. Section 1983 imposes liability for

acts violating protected rights under the Constitution. *Collins v. City of Harker Heights*, 112 S. Ct. 1061, 1066 (1992); *Baker v. McCollan*, 443 U.S. 137, 146 (1979). To establish a viable section 1983 claim for violation of the Due Process Clause, the plaintiff must prove that he has asserted a recognized liberty or property interest encompassed within the Fourteenth Amendment, and that he was deprived of that interest under color of state law. *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1994). Because federal law does not provide a statute of limitations for section 1983 claims, the forum state statute of limitations is adopted and applied. *See generally Owens v. Okure*, 488 U.S. 235 (1989) (holding that when a state has various tort statute of limitations, the general statute applies to section 1983 claims); *Hardin v. Straub*, 109 S. Ct. 1998, 2000-2001 (1989). In Texas, the applicable statute of limitations period is two years. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992); *Spencer v. Seagoville*, 700 S.W.2d 953, 956 (Tex. App.—Dallas 1985, no pet.).

Even if Edwards could reasonably cast his claims against Appellee as a section 1983 claim, such claim would be barred by the statute of limitations. The limitations period applicable to Constitutional claims arising under the Texas Constitution or the United States Constitution, including section 1983 claims, are governed by Texas law. *Owens*, 488 U.S. at 249-50. A suit alleging section 1983 claims must be filed within two years of the accrual of the cause of action. *Jackson*, 950 F.2d at 265.

Thus, even cast as a section 1983 claim, it remains true, that Appellant was last incarcerated in the Atascosa County Jail in 2000, and that he filed suit in 2012. Appellant's suit was filed approximately twelve years after the accrual of any alleged cause of action, well beyond the scope of the two year statute of limitations provision. Even categorized as Constitutional claims, Appellant's suit is barred.

## CONCLUSION AND PRAYER

This Court should affirm the trial court's order granting Appellee's motion for summary judgment and granting severance.

The summary judgment evidence offered by Appellee conclusively established that Appellee filed an answer on April 4, 2012. The answer was properly filed prior to removal in the state district court. Appellee's answer constituted a live pleading and no additional answer was necessary to be filed in federal court or in state court.

Appellant received timely notice of the hearing on Appellee's motion for summary judgment. A certificate of service attached to the notice of hearing established a presumption of service on April 3, 2014. The hearing was held on May 9, 2014. Appellant presented no evidence to rebut the presumption of proper, timely notice. Therefore, Appellant had timely notice of the hearing on Appellee's summary judgment motion.

The summary judgment evidence conclusively established that Appellant's claims were barred by the residual four-year statute of limitations period. Appellant filed suit against Appellee approximately twelve years after the accrual of any alleged cause of action. Appellant presented no evidence during the hearing to raise a fact issue to defeat or toll the statute of limitations.

**THEREFORE**, Appellee Sheriff of County of Atascosa respectfully prays this Court to affirm the trial court's May 10, 2014, order granting Sheriff of County of Atascosa's Motion for Summary Judgment and Motion to Sever, and grant such other further and proper relief, both at law or in equity to which Appellee may be justly entitled.

28

Respectfully submitted,

**ATASCOSA COUNTY ATTORNEY'S OFFICE**

By: _____

**Lucinda A. Vickers**
lucinda.vickers@acao-tx.org
Texas Bar No. 16300800

**Dennis Arriaga**
dennis.arriaga@acao-tx.org
Texas Bar No. 24068021

#1 Courthouse Circle Drive #3-B
Jourdanton, Texas 78026
TEL: 830-769-3573
FAX: 830-769-2757

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief of Appellee was prepared using Microsoft Word 2013, which indicated that the total word count, exclusive of those items enumerated in rule 9.4(i)(1) of the Texas Rules of Appellate Procedure, as amended, does not exceed 15,000 words (7,995).

_____
**Dennis Arriaga**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of this Brief of Appellee upon counsel pro se for Appellant, via certified mail, return receipt requested, on this the _20_ day of January, 2015, at the following address:

Mr. David Allan Edwards #907246                    **VIA CMRRR**
Ellis Unit, 697 FM 980
Huntsville, Texas 77343
**Counsel Pro Se for Appellant**

_____
**Dennis Arriaga**

29

NO. 04-14-00612-CV

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS

DAVID ALLAN EDWARDS,
Appellant,

v.

SHERIFF OF COUNTY OF ATASCOSA,
Appellee.

On Appeal from the 81st Judicial District Court,
Atascosa County, Texas
Cause No. 12-02-0185-CVA
The Honorable Thomas F. Lee Presiding

APPENDIX TO BRIEF OF APPELLEE

In compliance with rule 38.2 of the Texas Rules of Appellate Procedure, Appellee Sheriff

of County of Atascosa submits this Appendix to his Brief of Appellee containing the following:

Tab A:      Order Granting Sheriff of Atascosa County's Motion for Summary
Judgment and Motion to Sever

Tab B:      28 U.S.C. § 1446

Tab C:      Tex. R. Civ. P. 237a

Tab D:      Tex. R. Civ. P. 21a

Tab E:      Tex. Civ. Prac. & Rem. Code § 16.051

# Exhibit "A"

Cause No. 12-02-0185-CVA

| | | |
|---|---|---|
| DAVID ALLAN EDWARDS #907246 ELLIS UNIT, 1697 FM 980, HUNTSVILLE, TEXAS 7343 | § § § § | IN THE DISTRICT COURT |
| VS. | § § § | 81ST/218TH JUDICIAL DISTRICT |
| COUNTY OF ATASCOSA, DISTRICT ATTORNEY OF ATASCOSA COUNTY, JUDGE OVER COURT, SHERIFF OF ATASCOSA COUNTY | § § § § § | ATASCOSA COUNTY, TEXAS |

### ORDER GRANTING DEFENDANT SHERIFF OF ATASCOSA COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO SEVER

On May 9, 2014, the Court considered Defendant's Motion for Summary Judgment and Motion to Sever and requests that the Court enter Summary Judgment in favor of Movant.

After due consideration of the summary judgment evidence and the argument of counsel, this Court finds that Defendant's Motion is due to be GRANTED.

IT IS, THEREFORE, ORDERED that Defendant SHERIFF OF ATASCOSA COUNTY's Motion for Summary Judgment and Motion to Sever is GRANTED and that Plaintiff recover nothing from SHERIFF OF ATASCOSA COUNTY by way of this suit.

This judgment finally disposes of all claims against SHERIFF OF ATASCOSA COUNTY by Plaintiff DAVID ALLAN EDWARDS.

Signed on _May 10_, 2014.

_____
JUDGE PRESIDING

FILED 9:22 O'CLOCK A M
MARGARET E. LITTLETON, DISTRICT CLERK

JUN - 2 2014

CLERK DISTRICT COURT ATASCOSA CO., TX
BY _____ DEPUTY

Page 1

# Exhibit "B"

§ 1446. Procedure for removal of civil actions.

United States Statutes

Title 28. JUDICIARY AND JUDICIAL PROCEDURE

Part IV. JURISDICTION AND VENUE

Chapter 89. DISTRICT COURTS; REMOVAL OF CASES FROM STATE COURTS

Current through P. L. 113-186, 113-201 and 113-234

§ 1446. Procedure for removal of civil actions

(a) GENERALLY.-A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) REQUIREMENTS; GENERALLY.-(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

(c) REQUIREMENTS; REMOVAL BASED ON DIVERSITY OF CITIZENSHIP.-(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that-

(A) the notice of removal may assert the amount in controversy if the initial pleading seeks-

(i) nonmonetary relief; or

(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

(3)(A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

(B) If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).

(d) NOTICE TO ADVERSE PARTIES AND STATE COURT.-Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

(e) COUNTERCLAIM IN 337 PROCEEDING.-With respect to any counterclaim removed to a district court pursuant to section 337(c) of the Tariff Act of 1930, the district court shall resolve such counterclaim in the same manner as an original complaint under the Federal Rules of Civil Procedure, except that the payment of a filing fee shall not be required in such cases and the counterclaim shall relate back to the date of the original complaint in the proceeding before the International Trade Commission under section 337 of that Act.

(g) [1] Where the civil action or criminal prosecution that is removable under section 1442(a) is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day requirement of subsection (b) of this section and paragraph (1) of section 1455(b) is satisfied if the person or entity desiring to remove the proceeding files the notice of removal not later than 30 days after receiving, through service, notice of any such proceeding.

[1] So in original. Section does not contain a subsec. (f).

**Source:** June 25, 1948, ch. 646, 62 Stat. 939; May 24, 1949, ch. 139, §83, 63 Stat. 101; Pub. L. 89-215, Sept. 29, 1965, 79 Stat. 887; Pub. L. 95-78, §3, July 30, 1977, 91 Stat. 321; Pub. L. 100-702, title X, §1016(b), Nov. 19, 1988, 102 Stat. 4669; Pub. L. 102-198, §10(a), Dec. 9, 1991, 105 Stat. 1626; Pub. L. 103-465, title III, §321(b)(2), Dec. 8, 1994, 108 Stat. 4946; Pub. L. 104-317, title VI, §603, Oct. 19, 1996, 110 Stat. 3857; Pub. L. 112-51, §2(c), Nov. 9, 2011, 125 Stat. 545; Pub. L. 112-63, title I, §§103(b), 104, Dec. 7, 2011, 125 Stat. 760, 762.

**Notes from the Office of Law Revision Counsel**

current through 11/3/2014

## HISTORICAL AND REVISION NOTES

**1948 ACT**Based on title 28, U.S.C., 1940 ed., §§72, 74, 75, 76 (May 3, 1911, ch. 231, §§29, 31, 32, 33, 36 Stat. 1095, 1097; Aug. 23, 1916, ch. 399, 39 Stat. 532; July 30, 1977, Pub. L. 95-78, §3, 91 Stat. 321.)Section consolidates portions of sections 74, 75, and 76 with section 72 of title 28, U.S.C., 1940 ed., with important changes of substance and phraseology.Subsection (a), providing for the filing of the removal petition in the district court, is substituted for the requirement of sections 72 and 74 of title 28, U.S.C., 1940 ed., that the petition be filed in the State court. This conforms to the method prescribed by section 76 of title 28, U.S.C., 1940 ed., and to the recommendation of United States District Judges Calvin W. Chesnut and T. Waties Warring approved by the Committee of the Judicial Conference on the Revision of the Judicial Code.Subsection (b) makes uniform the time for filing petitions to remove all civil actions within twenty days after commencement of action or service of process whichever is later, instead of "at any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead" as required by section 72 of title 28, U.S.C., 1940 ed. As thus revised, the section will give adequate time and operate uniformly throughout the Federal jurisdiction. The provisions of sections 74 and 76 of title 28, U.S.C., 1940 ed., for filing at any time "before trial or final hearing" in civil rights cases and cases involving revenue officers, court officers and officers of either House of Congress were omitted.Subsection (c) embodies the provisions of sections 74 and 76 of title 28, U.S.C., 1940 ed., for filing the removal petition before trial and makes them applicable to all criminal prosecutions but not to civil actions. This provision was retained to protect Federal officers enforcing revenue or criminal laws from being rushed to trial in State courts before petition for removal could be filed. Words "or final hearing" following the words "before trial," were omitted for purposes of clarity and simplification of procedure.The provision of said section 76 of title 28, U.S.C., 1940 ed., for certificate of counsel that he has examined the proceedings and carefully inquired into all matters set forth in the petition and believes them to be true, was omitted as unnecessary and inconsistent with Rule 11 of the Federal Rules of Civil Procedure. Subsection (d) is derived from sections 72 and 74 of title 28, U.S.C., 1940 ed., but the requirement for cost bond is limited to civil actions in conformity with the more enlightened trend of modern procedure to remove all unnecessary

impediments to the administration of criminal justice. Provisions of said section 72 as to the conditions of the bond were rewritten because inappropriate when the petition for removal is filed in the Federal court.Subsection (e) provides for notice to the adverse parties and for the filing in the State court of a copy of the petition for removal in substitution for the requirements of sections 72 and 74 of title 28, U.S.C., 1940 ed., for the filing of the removal petition in the State court. The last sentence of subsection (e) is derived from sections 72 , 74 and 76 of title 28, U.S.C., 1940 ed.Subsection (f) is derived from sections 75 and 76 of title 28, U.S.C., 1940 ed.Since the procedure in removal cases is now governed by the Federal Rules of Civil Procedure [Rule 81(c)] and Federal Rules of Criminal Procedure [Rule 54(b)], the detailed directions of the various sections with respect to such procedure were omitted as unnecessary. Thus the provision of section 72 of title 28, U.S.C., 1940 ed., with respect to appearance, special bail and filing the record were omitted as covered by the Federal Rules of Civil Procedure, Rules 64, 81(c).The provisions of section 74 of title 28, U.S.C., 1940 ed., as to the effect of security and other proceedings and remedies in the State court were omitted as covered by section 1450 of this title.The requirements of section 74 of title 28, U.S.C., 1940 ed., that the clerk of the State court shall furnish copies of pleadings and proceedings to the petitioner and that the petitioner shall file the same in the district court are covered by section 1447 of this title.The provisions of section 74 of title 28, U.S.C., 1940 ed., requiring the adverse parties to plead anew in the district court were omitted as unnecessary in view of Federal Rules of Civil Procedure, Rule 81(c). The last sentence of such section was omitted as covered by section 1447(d) of this title.

**1949 ACT**Subsection (b) of section 1446 of title 28, U.S.C., as revised, has been found to create difficulty in those States, such as New York, where suit is commenced by the service of a summons and the plaintiff's initial pleading is not required to be served or filed until later.The first paragraph of the amendment to subsection (b) corrects this situation by providing that the petition for removal need not be filed until 20 days after the defendant has received a copy of the plaintiff's initial pleading.This provision, however, without more, would create further difficulty in those States, such as Kentucky, where suit is commenced by the filing of the plaintiff's initial pleading and the issuance and service of a summons without any requirement that a copy of the pleading be served upon or otherwise furnished to the defendant. Accordingly the first paragraph of the amendment provides that in such cases the petition for removal shall be filed within 20 days after the service of the summons.The first paragraph of the amendment conforms to the amendment of rule 81(c) of the Federal Rules of Civil Procedure, relating to removed actions, adopted by the Supreme Court on December 29, 1948, and reported by the Court to the present session of Congress.The second paragraph of the amendment to subsection (b) is intended to make clear that the right of removal may be exercised at a later stage of the case if the initial pleading does not state a removable case but its removability is subsequently disclosed. This is declaratory of the existing rule laid down by the decisions. (See for example, Powers v. Chesapeake etc., Ry. Co., 169 U.S. 92.)In addition, this amendment clarifies the intent of section 1446(e) of title 28, U.S.C., to indicate that notice need not be given simultaneously with the filing, but may be given promptly thereafter.

**REFERENCES IN TEXT**The Federal Rules of Civil Procedure, referred to in subsecs. (a) and (e), are set out in the Appendix to this title.Section 337 of the Tariff Act of 1930, referred to in subsec. (e), is classified to section 1337 of Title 19, Customs Duties.

**AMENDMENTS2011**- Pub. L. 112-63, §103(b)(1), amended section catchline generally, substituting "Procedure for removal of civil actions" for "Procedure for removal".Subsec. (a). Pub. L. 112-63, §103(b)(2), inserted heading and struck out "or criminal prosecution" after "civil action" in text.Subsec. (b). Pub. L. 112-63, §103(b)(3)(A), (B), inserted

heading, designated first par. as par. (1), added pars. (2) and (3), and struck out second par. which read as follows: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."Subsec. (b)(1). Pub. L. 112-63, §103(b)(4)(B), substituted "30 days" for "thirty days" in two places.Subsec. (c). Pub. L. 112-63, §103(b)(3)(C), added subsec. (c) and struck out former subsec. (c) which related to notice of removal of a criminal prosecution.Subsec. (d). Pub. L. 112-63, §103(b)(4)(A), inserted heading.Subsecs. (e), (f). Pub. L. 112-63, §103(b)(4)(C), (D), redesignated subsec. (f) as (e), inserted heading, and struck out former subsec. (e) which read as follows: "If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into his custody and deliver a copy of the writ to the clerk of such State court."Subsec. (g). Pub. L. 112-63, §104, substituted "subsection (b) of this section and paragraph (1) of section 1455(b)" for "subsections (b) and (c)".Pub. L. 112-51 added subsec. (g).**1996**-Subsec. (c)(1). Pub. L. 104-317 substituted "defendant or defendants" for "petitioner". **1994**-Subsec. (f). Pub. L. 103-465 added subsec. (f).**1991**-Subsec. (c)(1). Pub. L. 102-198, §10(a)(1), (4), substituted "notice of" for "petition for" and "the notice" for "the petition".Subsec. (c)(2). Pub. L. 102-198, §10(a)(1), (4), substituted "notice of" for "petition for" and substituted "notice" for "petition" in three places.Subsec. (c)(3). Pub. L. 102-198, §10(a)(1), (2), substituted "notice of" for "petition for" and "prosecution is first remanded" for "petition is first denied". Subsec. (c)(4), (5). Pub. L. 102-198, §10(a)(3), added pars. (4) and (5) and struck out former pars. (4) and (5) which read as follows:"(4) The United States district court to which such petition is directed shall examine the petition promptly. If it clearly appears on the face of the petition and any exhibits annexed thereto that the petition for removal should not be granted, the court shall make an order for its summary dismissal."(5) If the United States district court does not order the summary dismissal of such petition, it shall order an evidentiary hearing to be held promptly and after such hearing shall make such disposition of the petition as justice shall require. If the United States district court determines that such petition shall be granted, it shall so notify the State court in which prosecution is pending, which shall proceed no further."Subsec. (d). Pub. L. 102-198, §10(a)(1), (4), (5), substituted "notice of removal" for "petition for the removal", struck out "and bond" after "civil action", and substituted "notice with" for "petition with".**1988**-Subsec. (a). Pub. L. 100-702, §1016(b)(1), amended subsec. (a) generally. Prior to amendment, subsec. (a) read as follows: "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action."Subsec. (b). Pub. L. 100-702, §1016(b)(2), substituted "notice of removal" for "petition for removal" in two places and inserted before period at end of second par. ", except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action".Subsecs. (d) to (f). Pub. L. 100-702, §1016(b)(3), redesignated subsecs. (e) and (f) as (d) and (e), respectively, and struck out former subsec. (d) which read as follows: "Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed."**1977**-Subsec. (c). Pub. L. 95-78, §3(a), designated existing provisions as par. (1), set a period of 30 days as the maximum allowable time prior to commencement of trial and following arraignment during which time a petition

for removal can be filed, provided for the grant of additional time for good cause shown, and added pars. (2) to (5). Subsec. (e). Pub. L. 95-78, §3(b), inserted "for the removal of a civil action" after "filing of such petition".**1965**-Subsec. (b). Pub. L. 89-215 substituted "thirty days" for "twenty days" wherever appearing.**1949**-Subsec. (b). Act May 24, 1949, §83(a), provided that the petition for removal need not be filed until 20 days after the defendant has received a copy of the plaintiff's initial pleading, and provided that the petition for removal shall be filed within 20 days after the service of summons.Subsec. (e). Act May 24, 1949, §83(b), indicated that notice need not be given simultaneously with the filing, but may be made promptly thereafter.

**EFFECTIVE DATE OF 2011 AMENDMENT**Amendment by Pub. L. 112-63 effective upon the expiration of the 30-day period beginning on Dec. 7, 2011, and applicable to any action or prosecution commenced on or after such effective date, with provisions for treatment of cases removed to Federal court, see section 105 of Pub. L. 112-63, set out as a note under section 1332 of this title.

**EFFECTIVE DATE OF 1994 AMENDMENT**Amendment by Pub. L. 103-465 applicable with respect to complaints filed under section 1337 of Title 19, Customs Duties, on or after the date on which the World Trade Organization Agreement enters into force with respect to the United States [Jan. 1, 1995], or in cases under section 1337 of Title 19 in which no complaint is filed, with respect to investigations initiated under such section on or after such date, see section 322 of Pub. L. 103-465, set out as a note under section 1337 of Title 19.

**EFFECTIVE DATE OF 1977 AMENDMENT**Amendment by Pub. L. 95-78 effective Oct. 1, 1977, see section 4 of Pub. L. 95-78, set out as an Effective Date of Pub. L. 95-78 note under section 2074 of this title.

Exhibit "C"

Rule 237a. CASES REMANDED FROM FEDERAL COURT.

**Texas Rules**

**TEXAS RULES OF CIVIL PROCEDURE**

**Part II. RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS**

**§ 11. TRIAL OF CAUSES.**

**A. Appearance and Procedure**

*As amended through June 10, 2014*

**Rule 237a. CASES REMANDED FROM FEDERAL COURT**

When any cause is removed to the Federal Court and is afterwards remanded to the state court, the plaintiff shall file a certified copy of the order of remand with the clerk of the state court and shall forthwith give written notice of such filing to the attorneys of record for all adverse parties. All such adverse parties shall have fifteen days from the receipt of such notice within which to file an answer. No default judgment shall be rendered against a party in a removed action remanded from federal court if that party filed an answer in federal court during removal.

# Exhibit "D"

Rule 21a. METHODS OF SERVICE [Effective January 1, 2014].

**Texas Rules**

**TEXAS RULES OF CIVIL PROCEDURE**

**Part II. RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS**

**§ 1. General Rules.**

*As amended through June 10, 2014*

**Rule 21a. METHODS OF SERVICE [Effective January 1, 2014]**

(a) *Methods of Service.* Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record in the manner specified below:

(1) Documents Filed Electronically. A document filed electronically under Rule 21 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager. If the email address of the party or attorney to be served is not on file with the electronic filing manager, the document may be served on that party or attorney under subparagraph (2).

(2) Documents Not Filed Electronically. A document not filed electronically may be served in person, by mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct.

(b) *When Complete.*

(1) Service by mail or commercial delivery service shall be complete upon deposit of the document, postpaid and properly addressed, in the mail or with a commercial delivery service.

(2) Service by fax is complete on receipt. Service completed after 5:00 p.m. local time of the recipient shall be deemed served on the following day.

(3) Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party.

(c) *Time for Action After Service.* Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

(d)*Who May Serve.* Notice may be served by a party to the suit, an attorney of record, a sheriff or constable, or by any other person competent to testify.

(e) *Proof of Service.*The party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed instrument. A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service. Nothing herein shall preclude any party from offering proof that the document was not received, or, if service was by mail, that the document was not received within three days from the date that it was deposited in the mail, and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deems just.

(f)*Procedures Cumulative*. These provisions are cumulative of all other methods of service prescribed by these rules.

**History.**

Amended December 13, 2013, effective January 1, 2014.

**Comment to 2013 Change:** Rule 21a is revised to incorporate rules for electronic service in accordance with the Supreme Court's order - Misc. Docket No. 12-9206, amended by Misc. Docket Nos. 13-9092 and 13-9164 - mandating electronic filing in civil cases beginning on January 1, 2014.

# Exhibit "E"

§ 16.051. Residual Limitations Period.

**Texas Statutes**

**Civil Practice and Remedies Code**

**Title 2. Trial, Judgment, And Appeal**

**Subtitle B. Trial Matters**

**Chapter 16. Limitations**

**Subchapter C. Residual Limitations Period**

*Current through the 2013 Regular and Special Sessions*

**§ 16.051. Residual Limitations Period**


Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.

**Cite as Tex. Civ. Prac. and Rem. Code § 16.051**

**History.** Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.